IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LARRY ROGERS, JR. | § | C.A. No. |
| | § | |
| VS. | § | |
| | § | |
| FREEPORT-MCMORAN | § | |
| EXPLORATION & | § | |
| PRODUCTION LLC AND | § | |
| FREEPORT-MCMORAN OIL | § | |
| & GAS LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Plaintiff Larry Rogers, Jr. ("Plaintiff"), complaining of Defendants Freeport-McMoRan Exploration & Production LLC and Freeport-McMoRan Oil & Gas LLC, and, for cause of action, would respectfully show unto this Honorable Court as follows:

### I.  PARTIES

1.1   Plaintiff Larry Rogers, Jr., is a U.S. citizen and resident of Louisiana.

1.2   Defendant Freeport-McMoRan Exploration & Production LLC, is a Delaware limited liability company with a principal place of business in the Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

1.3    Defendant Freeport-McMoRan Oil & Gas LLC, is a Delaware limited liability company with a principal place of business in the Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P

## II.   JURISDICTION

2.1    The Court has jurisdiction pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq*.

## III.   VENUE

3.1    Venue is proper pursuant to 28 U.S.C. § 1391, as Defendants are located within this District.

## IV.   FACTS AND NEGLIGENCE OF DEFENDANT

4.1    This suit is necessary to collect a legal debt and damages due and owing Plaintiff because of an incident that occurred on or about August 9, 2015. On that date, Plaintiff was employed by The Nacher Corporation, working as a painter/blaster on the Holstein platform rig in the Gulf of Mexico. At all times material hereto, the platform was owned and/or operated by Defendants.

4.2    On said date, while Plaintiff was performing his assigned duties, he tripped and fell on tarp covering equipment on the platform, causing him to sustain serious and debilitating bodily injuries.

4.3     Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.  To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendants, their agents, servants and/or employees, including their company man, who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

4.4     Plaintiff would further show that Defendants had custody and/or control of the platform, and was responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury.

4.5     Defendants also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff.  Defendants had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed.  Further, Defendants were in overall charge of safety at the job site in question, and owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question was done in a safe and prudent manner.

4.6     The federal regulations applicable to Defendants' platform specifically state, "The goal of your required SEMS program is to promote safety and environmental protection

3

by ensuring all personnel aboard a facility are complying with the policies and procedures." 30 C.F.R. § 250.1901. The SEMS regulations contained in the Code of Federal Regulations set out a comprehensive scheme designed to ensure owners like Defendants develop and have in place a safety program that meets minimum safety requirements, to include general safety, hazard analysis, safety and environmental information, management of change, safe work practices, training, auditing, operating procedures, pre-startup review, record keeping, SOP work authority, ultimate work authority, reporting unsafe work conditions, and job safety analysis, among others. 30 C.F.R. § 250.1902. Pursuant to 30 C.F.R. § 250.1900, *et seq.*, Defendants had a non-delegable duty to supervise contractors on the platform, and for ensuring that all personnel on the platform followed Safe Work Practices. Defendants were responsible for ensuring that all of their contractors worked together to operate in a safe and environmentally responsible manner.

## V. DAMAGES

5.1 As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered personal injuries and the following damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical

pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

## VI.  PRE-JUDGMENT INTEREST

6.1     Plaintiff is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff specifically sues for recovery of pre-judgment interest from the date of the occurrence made the basis of this suit until the date of the judgment herein, as provided by law and equity.

## VII.  JURY DEMAND

7.1     Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendants for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas Bar No. 24076708 / SDTX 1139660
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:   713.653.5600
Facsimile:    713.653.5656
Email:          marcus@spaglaw.com

**ATTORNEYS FOR PLAINTIFFS**